IN THE SUPERIOR COURT
OF GUAM

VAN MURER, FRANKIE PEREZ, RANDY )  Special Proceedings Case no. SP0151-10
SABLAN, MARK MERFALEN, JEFFREY )
NEDEDOG, BRANDON AFLAGUE, )
KENNY ATOIGUE, JOSEPH N. CRUZ, )
MELVIN QUINENE, EDWIN KAULIA, )
RUDY TAIMANGLO, MICHAEL )
CUASITO, MICHAEL ROBERTO, and )
CINDY TOVES-CORPUZ, )
)
          Petitioners, )
)
    vs. )           DECISION AND ORDER
)           re: Motion to Dismiss
CIVIL SERVICE COMMISSION, )
)
          Respondent, )
)
    and, )
)
A.B. WON PAT INTERNATIONAL )
AIRPORT AUTHORITY, GUAM, by and )
through its Execute Management, Mary C. )
Torres, )
)
          Real Party in Interest.)
                          )

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on March 28, 2012. Petitioners are represented by Attorney Jacqueline Taitano Terlaje. The Real Party in Interest ("GIAA") is represented by Attorney Janalynn Cruz Damian. After considering the matters presented, the Court issues the following decision and order dismissing the case because the Court lacks authority to conduct the *de novo* factual review requested in the petition.

## BACKGROUND

Petitioners are classified employees with GIAA, Guam Aircraft Rescue and Firefighting Division and at all relevant times as set forth in the Petition; they each held either the position

of Firefighter I or II. Petitioners initiated informal grievance procedures pursuant to the GIAA Personnel Rules and Regulations. Petitioner's alleged they were required to perform duties outside of their job descriptions without compensation and requested back wages resulting from acting capacity assignments due to manpower shortage.

After going through the appropriate levels of the grievance process, the GIAA Grievance Review Board ("Board") issued its Findings and Recommendations for each Petitioner. The Board either found that a Petitioner was entitled to additional compensation or was not. Shortly thereafter, each Petitioner filed an appeal to the Civil Service Commission ("Commission"). The Commission upheld the findings of the Board for all of the Petitioners.

On July 23, 2010, the Petitioners filed their Petition for Judicial Review requesting that the Court vacate the Commission's decision. On March 14, 2011, GIAA filed a motion to dismiss the Petition for Judicial Review for lack of jurisdiction. GIAA argues that the Court does not have jurisdiction to review a final decision by the Commission relating to a grievance matter.

## DISCUSSION

**Standard of Review**

In *Carlson v. Perez*, 2007 Guam 6, the Supreme Court of Guam found that a Petition for Judicial Review filed under 4 GCA § 4406 is the proper vehicle to invoke the Superior Court's review powers where a petitioner specifically challenges a final decision by the Commission. *Id.* at ¶ 65. The Supreme Court mandated that "where an agency's specific legislation directs how the agency action is to be judicially reviewed, then that agency's law should govern how one is to seek judicial review of that agency's action." *Id.* at ¶ 59.

4 GCA § 4406 grants the Superior Court of Guam jurisdiction over the review of a final

decision of the Commission, however, this statute does not provide the procedure for obtaining such review. Because no procedure for filing a petition seeking judicial review is set forth by 4 GCA § 4406 or the Commission Rules of Procedure for Adverse Action Appeals, under *Carlson* and 7 GCA § 7117, the Court is required to adopt a suitable procedure for review.

The general procedure for obtaining review of a final decision of an inferior tribunal by the Superior Court of Guam is set forth in 7 GCA § 31101, et. seq. The Commission is an inferior tribunal under 4 GCA §§ 4403 and 4406. As no specific procedure for Petitions for Judicial Review has yet been adopted, the Court applies the general procedure for obtaining writ review by the Superior Court under 7 GCA § 31101, et. seq.

"The review upon this writ cannot be extended further than to determine whether the inferior tribunal, board, or officer has regularly pursued the authority of such tribunal, board, or officer." 7 GCA § 31108 (emphasis added). Thus, the Court is limited to determining "whether the inferior tribunal, board, or officer has regularly pursued the authority of such tribunal, board, or officer," 7 GCA §§ 31108 and 31102, and is further limited to affirming, annulling or modifying only the judgment of the Commission. 7 GCA § 31109.

**The Court cannot grant Petitioners the relief they request.**

In the instant case, the Petitioners are requesting review of the factual determination of GIAA by the Superior Court. Petitioners ask the Court to vacate the Commission's decision, declare GIAA's findings null and void, and an award restoring all back wages and compensation owed for performing duties outside their job descriptions. It is not within the purview of this Court however, pursuant to *Carlson*, 4 GCA §4406, and 7 GCA §§ 31101 et. seq., to undertake a factual review of all the evidence provided to the Commission, and thereupon to "re-weigh" the evidence. Such a review would, in essence, constitute a *de novo*

appellate review. The singular purpose of the *Carlson* decision was to limit the Superior Court to judicial review of Commission decisions, rather than "administrative mandamus" as provided under 5 GCA §§ 9240, 9241. The Court is thus limited to determining only whether the tribunal acted in excess of its authority.

Petitioners, however, do not complain that any action taken by the Commission was in violation of any of its own rules or that any of the Commission's proceedings were not lawfully conducted within its jurisdiction. Instead, Petitioners pray that the Court vacate the Commission's decision, declare GIAA's findings null and void, and grant them an award restoring all back wages and compensation owed for performing duties outside their job descriptions.

The type of review sought by the Petitioner is not available under the facts of the petition because the Court is only allowed to determine whether the Commission regularly pursued its authority. The contents of the petition show that the Petitioners are seeking "administrative mandamus" as governed by 5 GCA §§ 9240 and 9241, which would allow the Court to review the entire record and all evidence submitted or rejected by the Commission, and to issue orders directly to the underlying agency, GIAA, to grant them the relief they have requested. As evident from the law as stated above, the Court lacks the authority to do so.

## CONCLUSION

Based on the foregoing, the Court finds that it lacks authority to conduct the *de novo* factual review requested in the petition. Thus, the instant case is DISMISSED.

SO ORDERED, this 10 day of July 2012.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

JUL 10 2012

James R. Borja
Deputy Clerk, Superior Court of Guam

Page 4 of 4